### Alexandria

JONATHAN G. KOGON

v.

DAVID KEITH ULERICK

No. 1863-89-4

Decided June 4, 1991

COUNSEL

Robert R. Dively, for appellant.

No brief or argument for appellee.

OPINION

**WILLIS, J.**—The sole question presented in this appeal is whether Code § 16.1-241(A) confers upon the juvenile and domestic relations district courts, and upon the circuit courts on appeal, authority and jurisdiction to order visitation with a child by one, not married to the mother, previously thought to be the father but later determined not to be.

Ulerick was married to the child's mother when the child was born. Approximately a year later, the Ulericks separated and were divorced. Upon their separation, Mrs. Ulerick commenced cohabitation with Kogon, whom she subsequently married. At the time of the child's conception, Mrs. Ulerick was involved in an adulterous relationship with Kogon. HLA tests eliminated the possibility that Ulerick could be the child's father and established a likelihood of over ninety-nine percent that Kogon was the father. Based on these circumstances, and on the child's resemblance to Kogon, the juvenile and domestic relations district court ruled that Kogon is the child's father. However, it ordered that Ulerick be granted visitation on a basis which it specified. Upon proof that Kogon denied that visitation, the juvenile and domestic relations district court convicted him of contempt. On appeal, the circuit court upheld and reimposed the contempt conviction. We find that the juvenile and domestic relations district court was without jurisdiction and authority to order visitation by Ulerick. Therefore, we reverse the conviction for contempt.

██ In matters concerning custody and visitation, the welfare and best interests of the child are the "primary, paramount, and controlling consideration[s]." *Mullen v. Mullen*, 188 Va. 259, 269, 49 S.E.2d 349, 354 (1948). "A child's continuing relationship with both parents [is] an important consideration." *M.E.D. v. J.P.M.*, 3 Va. App. 391, 397, 350 S.E.2d 215, 219 (1986). Except under unusual circumstances, a child's best interests are served by maintaining close ties between him and his non-custodial parent.

*Eichelberger v. Eichelberger*, 2 Va. App. 409, 412, 345 S.E.2d 10, 12 (1986).

■ The common law right of visitation extends only to parents. Absent an express statutory grant of jurisdiction, the courts may not order visitation with a child by a non-parent over the objection of the custodial parent. *West v. King*, 220 Va. 754, 756, 263 S.E.2d 386, 387 (1980).

In *West*, the court considered the effect of Code § 16.1-241, which provided:

[E]ach juvenile and domestic relations district court shall have . . . exclusive original jurisdiction . . . over all cases, matters and proceedings involving:

A. The custody, visitation, support, control or disposition of a child:

* * *

3. Whose custody, visitation or support is a subject of controversy or requires determination.

*See West*, 220 Va. at 756, 263 S.E.2d at 387. Holding that this statute did not authorize the award of visitation rights to a grandparent over the objection of the custodial parent, the court said:

As between a parent who has been awarded custody of a child, on the one hand, and, on the other, third persons, including grandparents, the rights of the custodial parent are paramount; the parent has the authority to control the child and to determine with whom it visits. If these rights are to be derogated by a grant of jurisdiction purporting to permit the award of grandparental visitation privileges despite the custodial parent's objection, then the grant should be specific, reflecting the legislative intent in unambiguous language.

In our opinion, the language of § 16.1-241(A)(3) is completely inadequate to confer jurisdiction to award the visitation privileges sought by the grandmother here.

*Id.* at 756-57, 263 S.E.2d at 387.

Subsequent to *West*, Code § 16.1-241(A) was amended to include the following unnumbered paragraph:

> The authority of the juvenile court to adjudicate matters involving the custody, visitation, support, control or disposition of a child shall not be limited to the consideration of petitions filed by a mother, father or legal guardian but shall include petitions filed at any time by any party with a legitimate interest therein. A party with a legitimate interest shall be broadly construed and shall include, but not be limited to, grandparents, and other blood relatives and family members. The authority of the juvenile court to consider a petition involving the custody of a child shall not be proscribed or limited where the child has previously been awarded to the custody of a local board of social services. *In any decree involving visitation, the juvenile and domestic relations district court may provide in such decree for visitation privileges for grandparents, stepparents or other family members.*

(emphasis added).

█ The trial court based its decision upholding the award of visitation to Ulerick on the broad construction to be given to the term "party with a legitimate interest." This term is not limited to those enjoying a family relationship. However, this term applies only to those whose petitions may be considered. The authority for an award of visitation is defined by the last sentence, which we have emphasized. This authority is limited. It permits only the award of visitation to grandparents, stepparents, or other family members.

Ulerick is not the child's father. He is not a grandparent. He is not married to the child's mother. He bears no family relationship to the child, either by blood or by law. He is not the child's stepfather. *Black's Law Dictionary* (6th ed. 1990) defines stepfather as follows:

> The husband of one's mother by virtue of a marriage subsequent to that of which the person spoken of is the offspring.

This definition excludes Ulerick. Even should the term be construed more broadly to include him by virtue of his previous mar-

riage to the child's mother, nonetheless, that step-parental relationship, being dependent upon his marriage to the mother, was extinguished upon the dissolution of that marriage. *See NPA v. WPA*, 8 Va. App. 246, 251, 380 S.E.2d 178, 181 (1989). However tragic and appealing his case may be, Ulerick enjoys no legal visitation rights with respect to the child.

The juvenile and domestic relations district court was without jurisdiction to order Kogon to afford Ulerick visitation rights. That order being void, its violation will not support a judgment for contempt. *See Leisge v. Leisge*, 224 Va. 303, 306, 296 S.E.2d 538, 540 (1982); *Laing v. Commonwealth*, 205 Va. 511, 513, 137 S.E.2d 896, 898 (1964); *Robertson v. Commonwealth*, 181 Va. 520, 536, 25 S.E.2d 352, 358 (1943). Accordingly, the judgment of the trial court is reversed.

*Reversed and dismissed.*

Keenan, J., and Cole, J.,* concurred.

---

\* Judge Cole participated in the hearing and decision of this case prior to the effective date of his retirement on April 30, 1991 and thereafter by designation pursuant to Code § 17-116.01.