COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Elder and Fitzpatrick

JANIE STRONG NICKLAUS

v.   Record No. 0076-95-2                    MEMORANDUM OPINION[*]
                                                  PER CURIAM
DAVID STRONG                                 OCTOBER 31, 1995
AND
VIRGINIA STRONG

            FROM THE CIRCUIT COURT OF LOUISA COUNTY
                  F. Ward Harkrader, Jr., Judge

        (John R. Maus, on briefs), for appellant.

        (Stephen C. Harris, on brief), for appellees.


        Janie Strong Nicklaus appeals the decision of the circuit

court awarding custody of Nicklaus's infant daughter to David

Strong.  Nicklaus asserts that the trial court erred in finding

that she was an unfit mother, that she had voluntarily

relinquished custody of the child, and that special facts and

circumstances existed to warrant removing custody of the child

from her as the natural parent.  Upon reviewing the record and

briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the decision of the

trial court.  Rule 5A:27.

        The record in this case is composed of the court's letter

opinion and final order.  Both documents set out the evidence

upon which the trial court relied in reaching its decision to

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

award custody of the minor child to Strong. While blood tests indicated Strong was not the child's biological father, he was identified as the father on the child's birth certificate. "In matters concerning custody and visitation, the welfare and best interests of the child are the 'primary, paramount, and controlling consideration[s].'" Kogon v. Ulerick, 12 Va. App. 595, 596, 405 S.E.2d 441, 442 (1991) (citation omitted). The trial court is vested with broad discretion to make the decisions necessary to safeguard and promote the child's best interests, and its decision will not be set aside unless plainly wrong or without evidence to support it. Farley v. Farley, 9 Va. App. 326, 327-28, 387 S.E.2d 794, 795 (1990).

"Although the presumption favoring a parent over a non-parent is strong, it is rebutted when certain factors, such as parental unfitness, are established by clear and convincing evidence." Bottoms v. Bottoms, 249 Va. 410, 413, 457 S.E.2d 102, 104 (1995). Other factors which may rebut the presumption favoring the biological parent include a previous order of divestiture, voluntary relinquishment, abandonment, or "a finding of 'special facts and circumstances . . . constituting an extraordinary reason for taking a child from its parent, or parents.'" Bailes v. Sours, 231 Va. 96, 100, 340 S.E.2d 824, 827 (1986) (citation omitted). Code § 20-124.2(B) now provides that custody may be awarded to "any other person with a legitimate interest" if clear and convincing evidence shows the best

2

interests of the child so warrant.  Clear and convincing evidence is the degree of proof "that will produce in the mind of the trier of facts a firm belief or conviction upon the allegations sought to be established."  Bottoms, 249 Va. at 413, 457 S.E.2d at 104.  The party seeking to change custody from the parent bears the burden to show unfitness.  Id.

The trial court found by clear and convincing evidence that mother was unfit.  Nicklaus abused the child when she was small.  Furthermore, the child's counselor believed, based upon evidence gathered in the months immediately prior to the court's hearing, that Nicklaus's current husband sexually and physically abused the child.  Significantly, the counselor "could find no evidence that [Nicklaus] could or would protect the infant child from further abuse."  In addition, both Nicklaus and her new husband failed to comply with previous court orders to obtain counseling.  Nicklaus's new husband began counseling only after ordered to do so by a Florida court following an incident of domestic abuse against Nicklaus.  Even witnesses called on behalf of Nicklaus indicated that her home lacked peace and tranquility and that "loud voices and screaming . . . are normal fighting."[1]  In contrast, the court found the family life offered by Strong was one of "security, stability, constancy, and love" based upon "a schedule that accommodates [the child's] needs appropriately."

---

[1]The court also noted that, when the child was one year old, Nicklaus had voluntarily relinquished physical custody of the child for a year to Connie Strong, Strong's sister-in-law.

In addition, the court found that the fact that both the child and Strong believed he was her biological father constituted an extraordinary reason for taking the child from Nicklaus. The child viewed Strong and his wife as her parents and Strong "has always acted in that role in his own mind."

The trial court found that clear and convincing evidence established that it was in the best interests of the child to grant custody to Strong, with visitation to Nicklaus. We cannot say that the trial court's finding was plainly wrong or without evidence to support its finding that Nicklaus's abuse of the child, the volatile nature of the relationship with her current husband, her voluntary relinquishment of the child to Connie Strong, and the unique relationship formed by Strong and the child support the finding. Accordingly, the decision of the trial court is summarily affirmed.

<u>Affirmed.</u>