COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


ADRIENNE H. LANE
                                        MEMORANDUM OPINION[*]
v.   Record No. 2419-96-4                   PER CURIAM
                                          MAY 20, 1997
JAMES SIROIS LANE


            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                  Arthur B. Vieregg, Jr., Judge

            (Marcia M. Maddox; Heather A. Cooper; Law
            Office of Marcia M. Maddox, on briefs), for
            appellant.

            (David D. Masterman; Cheryl K. Graham; Condo
            & Masterman, on brief), for appellee.



        Adrienne H. Lane (mother) appeals the custody and visitation

decision of the circuit court.  The court awarded custody of the

parties' two adopted sons to James Sirois Lane (father).  Mother

contends the trial court erred by (1) failing to properly

consider the expressed wishes of the parties' older son; (2)

failing to protect the best interests of the children; and (3)

awarding custody and visitation in a punitive manner.  Upon

reviewing the record and briefs of the parties, we conclude that

this appeal is without merit.  Accordingly, we summarily affirm

the decision of the trial court.  Rule 5A:27.

        "In matters concerning custody and visitation, the welfare

and best interests of the child are the 'primary, paramount, and

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

controlling considerations.'" Kogon v. Ulerick, 12 Va. App. 595, 596, 405 S.E.2d 441, 442 (1991) (citation omitted). The trial court is vested with broad discretion to make the decisions necessary to safeguard and promote the child's best interests, and its decision will not be set aside unless plainly wrong or without evidence to support it. See Farley v. Farley, 9 Va. App. 326, 327-28, 387 S.E.2d 794, 795 (1990).

## I.

Among the factors to be considered by a court determining the best interests of a child is "[t]he reasonable preference of the child, if the court deems the child to be of reasonable intelligence, understanding, age and experience to express such a preference." Code § 20-124.3(7). Mother contends that the trial court failed to properly consider her son's expressed wish that she have custody.

The record contains the transcript of Jonathan's testimony to the court, during which Jonathan indicated he wanted to be with his mother because he could talk to her more easily and because he was afraid of his father. The court noted that it would consider Jonathan's testimony:

> But what you say is not necessarily -- will not in fact determine what I decide. It will be a decision in terms of what I think your best interests are and on the basis of everything that I've heard.

After reviewing all the evidence, the court indicated it placed "little weight" on Jonathan's stated preference when

2

reaching the custody decision, finding that:

given Jonathan's situation, his intelligence, his age, his relationship with those in the household, and being an adopted child, it would have been unusual for him to have expressed any other preference in the absence of child abuse or neglect by [mother] or an overwhelming affinity for [father].

The court found Jonathan's testimony to be "consistent with a young man who does not wish to disappoint those who have an investment in his stated preference."

The trial court considered Jonathan's stated custody preference, but found the testimony less than fully credible in the court's assessment of the totality of the evidence and Jonathan's best interests. We find neither error nor abuse of discretion.

## II.

The court received four days of testimony from numerous witnesses. Commenting on the evidence, the court noted that many of mother's witnesses were clearly biased and less than credible. However, the court noted that it found mother's testimony, viewed in light of the other evidence, as determinative.

I found the single most important factor is [mother's] inability to appreciate the effect of her decisions on her children. Furthermore, the seriousness of that inability is magnified by [mother's] cognitive difficulties, which were . . . amply reflected in her testimony before this Court.

The court noted that mother "generally is quite disposed to uncritically follow her own whims or the suggestions of those

3

around her, even when those whims or suggestions of others may negatively impact her children." The court noted that the children need stability, discipline and structure, which mother had failed to provide. The evidence indicated that mother was caring, but failed to handle her parental responsibilities, some of which were then assumed by the older daughter or a foreign exchange student who lived in mother's home.

Dr. William Zuckerman testified as an expert witness after conducting a custody evaluation of the parents and sons. While noting that the children loved both parents, Dr. Zuckerman noted that the children needed consistency "in order to promote self-esteem and help them feel structured and help them feel secure." Mother's thinking was disorganized and illogical and she had "a lot of trouble being consistent." Dr. Zuckerman also noted:

> I think it would be very wrenching for them to be moved away from their mother; but, in the long run, the kind of security and structure that [father] can provide, I think, is a very considerable factor . . . .

Dr. Zuckerman recommended that father have custody.

Dr. Richard David had provided therapy to the children for almost a year. While Dr. David believed that the children should remain with mother, he testified that both children had a good relationship with father and that both needed structure.[1]

---

[1] We find no error in the trial court's denial of mother's motion to add or substitute an expert witness. Mother identified the additional witness only after the June 6, 1996 pretrial conference and order listing the expert witnesses permitted to

4

While recognizing that "both of these parents have troublesome shortcomings," the court concurred with Dr. Zuckerman's recommendation that the needs of the children would be better served by awarding custody to father. The court's decision was based upon its assessment of the children's best interests in light of its determination of the credibility of the witnesses' ore tenus testimony. That decision is neither clearly wrong nor unsupported by the evidence.

                                III.

Mother contends the custody and visitation order was punitive, based upon an unsupported claim that her relationship with the foreign exchange student residing in the home was "unnatural." Mother also contends that the court erred in placing undue emphasis on Dr. Zuckerman's testimony, by characterizing mother's witnesses as biased, and by relying upon the court's personal conjecture.

"[T]he weight which should be given to evidence and whether the testimony of a witness is credible are questions which the fact finder must decide." Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601 (1986). The court recognized that "a reasonable cooling off period" was required after the tensions of the contested custody litigation. After such period, the court directed the parties to work together to promote the

_____

testify. See City of Hopewell v. County of Prince George, 240 Va. 306, 314, 397 S.E.2d 793, 797 (1990).

5

welfare of the children which could include modifications to the "minimum baseline" visitation. We find no evidence that the court's visitation decision was punitive or was intended to promote any objective other than the best interests of the children.

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed.</u>