COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


KAREN RYAN

MEMORANDUM OPINION[*]
v.   Record No. 0266-97-4                      PER CURIAM
AUGUST 5, 1997
DOUGLAS W. RYAN


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Leslie M. Alden, Judge

(Gwena Kay Tibbits, on brief), for appellant.

(Marcella Sadosky Rudden; Hicks & Havrilak,
on brief), for appellee.


Karen Ryan (mother) appeals the decision of the circuit court denying her motion to modify the children's visitation with Douglas W. Ryan (father).  Mother contends that the trial court erred by (1) failing to conduct an evidentiary hearing; (2) failing to find that there was a material change in circumstances; and (3) considering circumstances which may have been contemplated at the time of the previous order.  Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.  Rule 5A:27.

"In matters concerning custody and visitation, the welfare and best interests of the child are the 'primary, paramount, and controlling considerations.'"  Kogon v. Ulerick, 12 Va. App. 595,

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

596, 405 S.E.2d 441, 442 (1991) (citation omitted).  In considering a petition to modify visitation, as with a petition to change custody, a trial court applies a two-part test to determine "(1) whether there has been a [material] change of circumstances since the most recent . . . award; and (2) whether a change . . . would be in the best interests of the child." Visikides v. Derr, 3 Va. App. 69, 70, 348 S.E.2d 40, 41 (1986). "'In the absence of a material change in circumstance, reconsideration . . . would be barred by principles of res judicata.'"  Bostick v. Bostick-Bennett, 23 Va. App. 527, 535, 478 S.E.2d 319, 323 (1996) (citation omitted).

## I.

Mother filed her motion on November 22, 1996 seeking a modification of child support and visitation.  Father filed a motion to dismiss, arguing that mother failed to allege a material change in circumstances justifying a modification of visitation.  The trial court heard argument on father's motion to dismiss, then requested that the parties set out their positions in writing, indicating that it would decide the issue on the filings.  Both parties filed memoranda.

Based upon the facts as alleged by mother, the trial court found that

> [mother] has not satisfied her burden; there has been no material change in circumstances which would justify setting for hearing [mother's] motion.  The issues that [mother] raises were either contemplated by [the previous judge] in his findings in 1995, or do not constitute a material change in

circumstances at this point.

The mother, as the moving party, had the burden to clearly allege a material change in circumstances. See Hughes v. Gentry, 18 Va. App. 318, 326, 443 S.E.2d 448, 453 (1994). In the absence of those clear allegations, the trial judge had the discretion to refuse a hearing. The trial judge gave both parties the opportunity to present their arguments and refutations in memoranda. In view of the sparse allegations, the trial judge did not err. Furthermore, the record reflects that the parties have had a series of visitation disputes. The trial court held a full evidentiary hearing in November 1995, at which time the court addressed at length the issues connected with visitation. The court heard additional evidence concerning visitation at a show cause hearing in March 1996, addressing specific disputes which occurred during September and October 1995. We cannot say the trial court abused its discretion by refusing to conduct an ore tenus hearing on mother's motion.

## II.

Mother sought to modify visitation by having the parties meet at a "neutral location" when mother picks up the children following father's visitation; allowing mother to attend the children's scheduled activities, even if these occur on father's weekends; and modifying the summer visitation schedule so that mother could spend more time with the children during their school vacations. In her memorandum opposing father's motion to

dismiss, mother contended that she was now working full-time, and thus had less "quality time" with the children; that the children were in two different schools, with different vacation schedules and school hours; and that their son was diagnosed with a learning disability, requiring her additional involvement with his teachers.

The trial court did not err in concluding that proof of the changed circumstances as proffered by mother would not warrant a modification of the father's visitation privileges.  Mother has full custody of the children.  The father has limited visitation rights with his children.  The increase in mother's employment from part-time to full-time does not justify a reduction in father's visitation.

Similarly, the fact that the children have somewhat differing school hours does not constitute a material change in circumstances warranting a change in father's visitation with his children.  The trial judge in 1995 expressly noted that

> visitation on every other weekend is to commence when the children are out of school on Friday.  If the children continue to go to the present school and they're out at 12:15 then [father] is to go to the school to pick up the children.  If the children in the future go to a public school and they get out at 3:00 o'clock, then it will still be that [father] will go to school and pick up the children.

The trial court did not err in ruling that the son's change in schools did not constitute a material change in circumstance warranting further review.  While mother alleged that school

vacations now also differed, she neither substantiated that allegation nor asserted how the alleged variation affected the father's visitation schedule.

The son's learning disability is also not a sufficient basis to modify father's visitation with his son. Mother has custody. Her contention that her full-time work schedule limits her ability to fully assist her son was unsubstantiated. Both parents need to be involved in assisting their son's education. The mother failed to assert in what manner a modification of father's visitation schedule would benefit the child.

Although mother characterized as a change of circumstance the fact that "problems" arise when she goes to father's home to pick up the children, the record makes clear that this is not a change since the time of the original decree. The trial court in 1995 specifically directed mother to deal responsibly with her obligation to handle her part of the transportation.

> I believe it's important for [mother] to participate in the transportation of the children, because, in the Court's view, the relationship between the children and their mother and their father is extremely important, and if it needs transportation, then both of the parents should be participating in the transportation to make sure that the kids can spend time with both of their parents.

Friction between mother and father's wife also was addressed by the court:

> You may not like the present Mrs. Ryan, and you really don't have to have much to do with her, but you're going to have to interact with him and, to a lesser extent, interact

with her for as long as those children are minors. And when the children realize that you don't want to even talk to the present Mrs. Ryan, the message that that gives them is if they want to have any type of a decent relationship with her it's going to upset or anger their mother.

Because mother has custody, the modifications she seeks in visitation would reduce the father's time to visit with his children. We find no justification in the mother's allegations that would support the trial court reducing father's time to visit with the children. Therefore, we find no error in the trial court's determination that mother's allegations were insufficient to require an evidentiary hearing.

## III.

Mother contends that the trial court erred when it ruled that the material changes she alleged were contemplated by the previous order. It is true that orders must be based upon present circumstances, but visitation orders are by their very nature prospective, usually setting out for an undesignated period into the future the time tables under which the parents will attempt to develop or maintain their bonds with the children. A trial court is necessarily required to issue such orders as would promote the best interests of the children and, where appropriate, facilitate the children's relationships with both parents.

The February 1995 order was explicit and detailed. In addition to setting routine and holiday visitation schedules, the

order addressed who would pick up the children from school, who could attend the children's activities, and where mother would pick up the children at the conclusion of every other visitation period.  It also explicitly provided that father was allowed to freely discuss all matters concerning the children with their teachers, coaches, or doctors.  None of the changes alleged by mother raised circumstances materially different from those in existence when the visitation order was originally entered or which could not be resolved under that order.  We find no reversible error in the trial court's findings as to either the prior or present circumstances.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.