COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


RONALD KEITH BURNER

                                        MEMORANDUM OPINION[*]
v.   Record No. 0791-97-2                   PER CURIAM
                                         OCTOBER 7, 1997
MARTHA DICKINSON BURNER


            FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
                   Paul M. Peatross, Jr., Judge

          (Ronald K. Burner, pro se, on brief).

          (Ronald R. Tweel; William C. Scott IV;
          Michie, Hamlett, Lowry, Rasmussen & Tweel,
          on brief), for appellee.


     Ronald K. Burner (father) appeals the circuit court's

decision awarding Martha D. Burner (mother) sole legal custody of

the parties' two minor children and deciding other issues of

visitation, spousal support, and equitable distribution.  Father

contends that the trial court (1) erred by failing to determine

spousal support based upon present circumstances; (2) abused its

discretion by not awarding father joint legal custody; (3) abused

its discretion by denying father adequate visitation; (4) erred

in its award of Christmas visitation; (5) erred by denying father

the right to take his children out of school for individual field

trips; and (6) erred by not requiring a more central location for

weekday visitation transfers.  Upon reviewing the record and

briefs of the parties, we conclude that this appeal is without

─────────────
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

merit.  Accordingly, we summarily affirm the decision of the trial court.  Rule 5A:27.

## Spousal Support

"The determination whether a spouse is entitled to support, and if so how much, is a matter within the discretion of the court and will not be disturbed on appeal unless it is clear that some injustice has been done."  Dukelow v. Dukelow, 2 Va. App. 21, 27, 341 S.E.2d 208, 211 (1986).

> In awarding spousal support, the chancellor must consider the relative needs and abilities of the parties.  He is guided by the nine factors that are set forth in Code § 20-107.1.  When the chancellor has given due consideration to these factors, his determination will not be disturbed on appeal except for a clear abuse of discretion.

Collier v. Collier, 2 Va. App. 125, 129, 341 S.E.2d 827, 829 (1986).

Father contends that the trial court erred in determining his current income, resulting in an erroneous award of spousal support.  The trial court found father's current gross monthly income to be approximately $5,040.  The evidence introduced by mother included father's income tax filings for 1995, the most recent available year, and his actual earnings for part of 1996.  Calculations based on that evidence supported the trial court's determination of father's income.  While father argued that his previous earnings were based on overtime and unduly inflated his gross earnings, substantial evidence supports the trial court's

determination that father's gross monthly income totaled at least $5,040.[1]

Father also argues that the court was required to base its award of spousal support upon his net income, not gross income, including the loan payments he testified that he incurred to cover the pendente lite monthly support payments. The court heard father's testimony concerning his monthly expenses and based its ruling in part on its credibility determination concerning those expenses. Father contended that he was forced to incur over $20,000 in debt to cover his expenses, yet admitted his monthly expenses included payments for a $1,000 television he purchased during the same period of time. We cannot say that the trial court's determination was erroneous.

While father argues that he may need to relocate in the future to be closer to his children, potential costs associated with any relocation are not relevant to this appeal. Similarly, we find no merit in father's allegation that his employment is now the equivalent of involuntary servitude because he must maintain his current job and its earnings. The appropriate forum for any challenges based upon changed circumstances, if and when the facts so warrant, is with the trial court.

---

[1]On appeal, we may not consider documents which were not included in the record before the trial court. See Rule 5A:7. Therefore, we may not review certain post-trial items included by father in the appendix.

3

## Equitable Distribution

Although addressed as part of his challenge to the spousal support award, father also challenges the court's distribution of the parties' property. Father contends that the trial court erred by failing to require mother to reimburse him for one-half of the mortgage payments. Father does not argue that he made the payments directly, but instead contends that because mother's monthly income of $81 could not cover the payments, in reality he was making these payments through the pendente lite support. The distribution of marital debts is a matter left to the sound discretion of the trial court. See Code § 20-107.3(C). We find no error in the court's refusal to credit husband with one-half of the value of mortgage payments.

Father also challenges the trial court's determination that $2,370.60 of the balance due on the parties' First Fidelity credit card was father's separate debt. Based on evidence introduced by mother, the trial court found that those charges reflected father's separate business expenses he incurred immediately prior to or after his desertion of the marriage.

Father further contends that the trial court erred when it credited mother with $648.04 for one-half of the payments she made on the outstanding joint debt after father's desertion. Father failed to prove his contention that mother paid this debt from the pendente lite support. This contention, even if proved, was irrelevant. Mother was entitled to reimbursement for paying

4

father's share of the joint debt. Because credible evidence supports the trial court's determination, we find no error.

Finally, while father contends that additional items he purchased after the separation should have been classified as his separate property, this issue was not raised by father below, and we do not consider it for the first time on appeal. See Rule 5A:18.

### Joint Legal Custody

"In matters concerning custody and visitation, the welfare and best interests of the child are the 'primary, paramount, and controlling considerations.'" Kogon v. Ulerick, 12 Va. App. 595, 596, 405 S.E.2d 441, 442 (1991) (citation omitted). The trial court is vested with broad discretion to make the decisions necessary to safeguard and promote the child's best interests, and its decision will not be set aside unless plainly wrong or without evidence to support it. See Farley v. Farley, 9 Va. App. 326, 327-28, 387 S.E.2d 794, 795 (1990).

While the court noted in its remarks from the bench that both parties obviously loved the children, it found that mother was the primary caretaker. There was evidence that the parties had difficulty communicating throughout the marriage and that those difficulties continued after the parties separated. In light of these facts, we find no error in the trial court's decision to maintain sole legal custody with mother while providing substantial opportunities for visitation with father.

5

## Visitation

Father challenges the adequacy of the visitation he was awarded. Under the schedule established by the court, father sees his son either one or two weekdays each week from 5:00 p.m. to 8:00 p.m., his daughter one weekday every other week from 5:00 to 7:00 p.m., and both children every other weekend. Due to father's work schedule, which alternatively includes day, evening and weekend hours, father is not available some weeks for the scheduled visitations. However, the court expressly considered father's schedule when establishing the visitations. The schedule continued essentially unchanged the pendente lite visitation schedule followed in 1996. As the schedule ensures constant and frequent contact between father and the children, we cannot say that the trial court abused its discretion in setting visitation.

## Christmas Visitation

Father contends that the trial court erred by failing to order the parties to alternate Christmas visitation each year in the same manner that Thanksgiving visitation alternates. Under the current arrangement, as father contends, he does not have visitation on Christmas Eve or Christmas morning. His visitation with the children runs from noon on Christmas Day through 7:00 p.m. on December 27.

A schedule which allows shared holiday time cannot readily be shown to be an abuse of discretion. We find no abuse of

6

discretion in the trial court's requirement that each parent spend a portion of each Christmas with the children.

## Education

Father argues that the trial court erred by denying him the option of removing his children from school in order to take them on educational trips. We find no error in the trial court's requirement that the children remain in school during school hours. The court's order in no way barred father from taking the children on trips during the time the children are with him.

## Visitation Transfer

Finally, father contends that the trial court erred when it did not require mother to travel closer to his home when transferring the children for their midweek visitations. Father contends that his visitations are diminished in quality and quantity because he is unable to bring the children back to his home during the midweek visitations or has insufficient time with the children once they arrive at his home. In addition, father argues that the current transfer point limits the activities he and the children engage in during visitation. In inclement weather, they must go to local stores, libraries, or malls.

Father's requested relocation of the transfer point would require the children to spend more time traveling. We cannot say that the trial court abused its discretion by imposing the weekday travel burden on a parent, in this instance father,

rather than on the children.  Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.
