COURT OF APPEALS OF VIRGINIA


Present: Judges Willis, Annunziata and Bumgardner
Argued at Alexandria, Virginia


BRUCE A. McKECHNIE
                                        MEMORANDUM OPINION[*] BY
v.        Record No. 2855-96-4          JUDGE JERE M. H. WILLIS, JR.
                                            JANUARY 20, 1998
KAREN MacCONNELL McKECHNIE


            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                    J. Howe Brown, Jr., Judge

        Bruce A. McKechnie, pro se.

        Gerald R. Curran for appellee.


     This appeal arises from an order resolving child custody
issues raised by Bruce A. McKechnie (the father) and Karen
MacConnell McKechnie (the mother).  The father contends that the
trial court erred (1) in failing to follow the recommendations of
the independent custody evaluator; (2) in denying him sole legal
custody; (3) in denying his request to reduce midweek visitation
between the mother and the parties' son; (4) in restricting use
of the words "mom" or "mommy" to refer only to the mother; (5) in
imposing upon him the requirement that the children attend
visitation with the mother with a positive attitude; (6) in
assessing him the cost of the custody evaluator; and (7) in
deleting portions of the custody evaluator's testimony from the
written statement of facts.  We affirm in part, reverse in part,
and remand.

--------

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

We need not address the mother's contention that the trial court erred in admitting the father's "log" of events into evidence.

BACKGROUND

The parties were married in September, 1981 and were divorced on December 8, 1992. The father has remarried. The parties have two children, Meagan and Kellen, who are currently fourteen and ten years of age, respectively. On January 13, 1994, the trial court awarded primary physical custody of the children to the father.

On July 2 and 3, 1996, the trial court conducted a hearing on custody issues stemming from motions made by the parties.[1]

The father testified that the mother repeatedly engaged in inappropriate conduct when the children visited her. He recorded these events in a log, which was admitted into evidence as part of his testimony. He testified that he was concerned with the children's physical, emotional and psychological well-being during their visits with the mother.

The father acknowledged that he routinely did not send sports equipment and books with the children when they visited their mother. He admitted that this might suggest to the

---

[1]The mother filed a motion for primary physical custody of Kellen, a motion for a change in visitation and a rule to show cause. The father filed a motion for sole legal custody of the parties' children, a motion for child support, a motion to terminate spousal support, a motion to assess the fee of a custody evaluator against the mother and a rule to show cause.

children that their mother was "irresponsible and not to be trusted."  He also admitted that he allowed Meagan to cancel visits and that he would make commitments concerning the children without consulting the mother.  The trial court also heard testimony from the mother, an independent custody evaluator and other witnesses.

"Under familiar principles we view [the] evidence and all reasonable inferences in the light most favorable to the prevailing party below.  Where, as here, the court hears the evidence ore tenus, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it."  Martin v. Pittsylvania County Dep't of Soc. Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986) (citation omitted).

## EXPERT RECOMMENDATIONS

The father contends that the trial court erred in failing to accept the recommendations of the independent custody evaluator.  We disagree.

> It is well established that the trier of fact ascertains a witness' credibility, determines the weight to be given to their testimony, and has the discretion to accept or reject any of the witness' testimony.  Further, the fact finder is not required to accept the testimony of an expert witness merely because he or she has qualified as an expert.  In determining the weight to be given the testimony of an expert witness, the fact finder may consider the basis for the expert's opinion.

Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668-69

(1997) (citations omitted).

Prior to the hearing, upon motion of the father, the trial court appointed an expert to conduct an independent custody evaluation. In his report, the custody evaluator recommended that the trial court grant the father sole legal custody, institute joint counseling for the mother and their daughter, and limit the mother's visitation. He reported that psychological testing revealed that the mother had "a paranoid personality makeup with a currently borderline or overtly psychotic state."

However, at the hearing, the custody evaluator admitted that he had difficulty "during his evaluation process in being able to 'get a handle' on what was really happening in this case." On cross-examination, he retracted certain statements included in his report as being without support. He also admitted that testing can falsely indicate paranoia if the test subject feels threatened. He noted that the mother exhibited no traits of psychosis. Finally, he acknowledged that he had not included several "flattering" comments about the mother.

The trial court heard the testimony <u>ore</u> <u>tenus</u>. The weight to be given the custody evaluator's report and the extent to which the recommendations of that report should be followed, lay within the trial court's exercise of its sound discretion. We perceive no abuse of discretion or error in the trial court's decision.

<u>CUSTODY AND VISITATION</u>

"In matters concerning custody and visitation, the welfare and best interests of the child are the 'primary, paramount, and controlling consideration[s].'" Kogon v. Ulerick, 12 Va. App. 595, 596, 405 S.E.2d 441, 442 (1991) (citation omitted). The trial court is vested with broad discretion to safeguard and promote the child's interests, and its decision will not be reversed unless it is plainly wrong or without evidence to support it. See Farley v. Farley, 9 Va. App. 326, 327-28, 387 S.E.2d 794, 795 (1990).

We find no error in the trial court's refusal to award the father sole legal custody. As the party seeking a change in the custody, the father bore the burden of proving: (1) that a material change in circumstances had occurred, and (2) that a change in custody was in the children's best interests. See Keel v. Keel, 225 Va. 606, 611-12, 303 S.E.2d 917, 921 (1983). The trial court determined that the father had failed to prove a material change in circumstances justifying a change in custody.

The trial court found: "there is not a single instance ever presented in this case by either one where there ever was a discussion about issues that involve joint custody." It held that the parents should attempt to implement the existing joint custody arrangement. We cannot say that this ruling was wrong or that the trial court erred in denying the father sole legal custody.

The trial court allowed the teenage daughter to exercise

some control concerning midweek visits with her mother, but required continued midweek visits for the mother with the son. It ruled that the visits between the son and his mother were important. We find no error in the trial court's denial of the father's request to reduce the mother's midweek visitation with her son.

### ORDER

For purposes of determining custody and visitation, the trial court "shall give primary consideration to the best interests of the child." Code § 20-124.2(B). Thereafter, the trial court retains "continuing authority and jurisdiction to make any additional orders necessary to effectuate and enforce" previously entered visitation and custody orders. Code § 20-124.2. Such power includes "the authority to punish as contempt of court any willful failure of a party to comply with the provisions of the order." Id.

The trial court held that the parties had failed to meet their obligations under the joint custody arrangement. It found the father in contempt for failing to send sports equipment and books with the children when they visited their mother, and the mother in contempt for tardiness in picking up and returning the children. Addressing the parties' willful and general failure to comply with the joint custody order, the trial court ordered: (1) that the parties and their children shall use the term "mom" or "mommy" only in reference to the mother, and (2) that the

father shall guarantee that the children exhibit a positive attitude toward their mother and the visitation schedule.

The evidence fails to support the trial court's order that the children limit their use of the term "mom" or "mommy" to the mother. No witness testified that either party experienced difficulty with the children's reference to the father's wife as "mom," or that the children displayed confusion about their relationship with their natural mother.

It is entirely proper to require that the father prepare the children for visitation and that he not cultivate negative feelings on the children's part. However, he cannot be made the guarantor of the children's demeanor and attitudes. Accordingly, we reverse and remand the order to the trial court to modify these specific provisions.[2]

## ALLOCATION OF COST OF CUSTODY EVALUATION

The father contends that the trial court erred by assessing him the full cost of the custody evaluation of the parties and their children. He argues that the mother's conduct required a reexamination of custody. However, the trial court adopted a broader view of the evidence before it and placed responsibility on both parents. The father moved for the testing. He had greater financial resources. We find no abuse of discretion in

---

[2]We do not foreclose appropriate orders, supported by the evidence, addressing each parent's responsibility to "actively support the child's contact and relationship with the other parent . . . ." Code § 20-124.3(6).

the trial court's order that the father pay for the evaluation.

## WRITTEN STATEMENT OF FACTS

The father contends that the trial court abused its discretion in correcting his proposed written statement of facts. Under Rule 5A:8, when the parties elect to rely upon a "written statement of facts, testimony, and other incidents of the case," the trial judge is authorized to correct the written statement. Thus, corrections to the proposed written statement are matters lying within the recollection and discretion of the trial court.

The trial court deleted sections of the proposed written statement that were extraneous, redundant, biased or otherwise unnecessary to the record on appeal. We cannot say that it thereby abused its discretion.

The decision of the trial court is affirmed in part, and reversed and remanded in part.

Affirmed in part, reversed and remanded in part.