COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Elder and Bumgardner

EDWARD L. MAHLER

v.   Record No. 0739-97-3

ELAINE P. MAHLER

MEMORANDUM OPINION[*]
PER CURIAM
JANUARY 27, 1998

FROM THE CIRCUIT COURT OF MONTGOMERY COUNTY
Ray W. Grubbs, Judge

(Edward L. Mahler, pro se, on briefs).

(Sandra L. Wright, on brief), for appellee.


        Edward L. Mahler (father) appeals from a decision of the
circuit court granting Elaine P. Mahler (mother) sole legal and
physical custody of the couple's two minor children; setting
father's visitation rights; adjusting the amount of child
support; and holding father in contempt of court based on a show
cause order filed by mother due to father's failure to pay
spousal support.  Father contends that the trial court (1) erred
in granting sole custody to mother; (2) abused its discretion in
not granting more extensive visitation rights to father; (3)
abused its discretion in relying solely on the guidelines to
recalculate the child support payments; and (4) erred in
considering mother's show cause order for contempt during a
hearing on child custody and visitation matters.  Father also
appeals the entry of a March 19, 1997 qualified domestic

_____

    [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

relations order. In addition, father attempts to raise issues relating to spousal support and attorney's fees stemming from an October 1995 hearing that were previously appealed to this Court and dismissed by order dated April 15, 1996 (Record No. 2935-95-3). Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

## Child Custody

"In matters concerning custody and visitation, the welfare and best interests of the child are the 'primary, paramount, and controlling consideration[s].'" Kogon v. Ulerick, 12 Va. App. 595, 596, 405 S.E.2d 441, 442 (1991) (citation omitted).

> In matters of a child's welfare, trial courts are vested with broad discretion in making the decisions necessary to guard and to foster a child's best interests. A trial court's determination of matters within its discretion is reversible on appeal only for an abuse of that discretion, and a trial court's decision will not be set aside unless plainly wrong or without evidence to support it.

Farley v. Farley, 9 Va. App. 326, 328, 387 S.E.2d 794, 795 (1990) (citations omitted).

Following an extensive evidentiary hearing, the trial court awarded sole custody of the two minor children to mother. The court heard, and credited, the testimony of Victoria Cash, a clinical social worker who had extensive experience and interaction with the children while treating the younger child

over a three-year period.  Cash testified that the younger child often experienced separation anxiety when forced to leave her mother to visit father.  Based on her extensive experience with the children, Cash recommended that mother be given sole custody of the children.  The court-appointed guardian ad litem also made this recommendation to the court, along with very specific recommendations on visitation.  "[T]he recommendation of [a] guardian ad litem . . . while not binding or controlling, should not be disregarded."  Bottoms v. Bottoms, 249 Va. 410, 420, 457 S.E.2d 102, 108 (1995).  The record demonstrates that the trial court allowed father ample opportunity to present evidence concerning the custody issue.  Father, however, presented evidence, such as the natural death of two family pets while in mother's possession, that bore no relevance to the best interests of the children.  See Code § 20-124.3.

The evidence supports the trial court's conclusions, and it is clear that the decision was made with the best interests of the children as the foremost concern.  Father has not demonstrated that the trial court abused its discretion.

### Visitation Rights

The trial court's decision on father's visitation rights is also reviewed for abuse of discretion and will not be set aside unless plainly wrong or without evidence to support it.  See Farley, 9 Va. App. at 328, 387 S.E.2d at 795.

The trial court awarded father visitation on alternate

3

weekends, and two weeks during the summer, one of which was to occur during the last week prior to the beginning of the new school year. Father also received substantial visitation rights during the holidays. The record shows that the trial court substantially followed the recommendations of the guardian ad litem with respect to father's visitation rights. In fact, the trial court deviated from the recommendations by giving father more time with the children during various holiday periods, including during the children's summer vacation. The visitation rights accorded father are entirely reasonable given the circumstances of this case. The trial court did not abuse its discretion on this issue.

### Child Support

Father questions the use of the child support guidelines contained in Virginia Code § 20-108.2 to determine the award of child support in light of "unusual factors," such as large contributions to a "mutually agreed charitable organization," travel expenses associated with visitation, and the amount of spousal support awarded. A child support award based on the guidelines is presumptively correct unless the trial court makes specific findings to rebut the presumption. See Code § 20-108.1(B). The trial court's rebuttal findings must be based on the factors set forth in Code § 20-108.1(B)(1)-(18). Spousal support must be added to payee's gross income and subtracted from payor's gross income when computing child support under the

4

guidelines.  See Code § 20-108.2(C); <u>Frazer v. Frazer</u>, 23 Va.
App. 358, 380-81, 477 S.E.2d 290, 301 (1996).  Father failed to
present any evidence at the February 20, 1997 hearing regarding
the two "unusual factors" he now attempts to assert on appeal.
The trial court, therefore, did not err in failing to make the
findings required to adjust child support pursuant to Code
§ 20-108.1.

Father also failed to properly and timely object to the
trial court's calculation of the child support award with respect
to spousal support.  As a result, he has failed to preserve this
issue for appeal.  See Rule 5A:18.  Furthermore, the record does
not reflect any reason to invoke the good cause or ends of
justice exceptions to Rule 5A:18.

Show Cause for Contempt

Father contends that the trial court erred in using the
child custody and visitation hearing to consider mother's show
cause motion for contempt for failure to pay child support.  The
trial court found, and the record is clear, that father had more
than sufficient notice that this issue would be presented at the
February 20, 1997 hearing.  In addition, the court allowed both
sides an opportunity to present evidence and argument on the
issue.

Qualified Domestic Relations Order (QDRO)

Here, the QDRO was entered pursuant to a June 29, 1995
property settlement agreement between the parties.  Father did

not challenge the validity of the agreement or object to the entry of the QDRO.  Therefore, Rule 5A:18 bars our consideration of this question on appeal.  Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

## Issues from October 1995

Father attempts to raise issues arising from a November 17, 1995 order memorializing an October 1995 hearing which granted permanent spousal support and an award of attorney's fees to mother.  Father appealed that decision.  That appeal was dismissed by order dated April 15, 1996 because of father's failure to prosecute the appeal.  These issues are not properly before us at this time.

We affirm the judgment of the trial court.

<u>Affirmed</u>.