COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


WINSTON JEFFREY WATT
                                          MEMORANDUM OPINION[*]
v.   Record No. 0395-98-4                      PER CURIAM
                                          SEPTEMBER 22, 1998
PAMELA SUSETTE PARMER WATT


                FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                      M. Langhorne Keith, Judge

            (Lawrence D. Diehl; Jeanette A. Irby; Walker,
            Jones, Lawrence, Duggan & Savage, on brief),
            for appellant.

            (James Ray Cottrell; Gannon, Cottrell & Ward,
            on brief), for appellee.


     This appeal arises from a visitation order that was entered

by the circuit court judge following a change in custody of the

parties' younger child from her father, Winston Jeffrey Watt, to

her mother, Pamela Susette Parmer Watt.  The father contends that

the trial judge erred by (1) failing to permit additional

evidence; (2) failing to provide a "generous" visitation

schedule; (3) limiting the father's calls to the child to once a

week and refusing to state in the court order that the child was

allowed to call father; and (4) failing to consider the child's

best interests when fashioning the visitation schedule.  Both

father and mother seek attorney's fees and costs for this appeal.

 Upon reviewing the record and briefs of the parties, we conclude

─────────────────────
      [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

that this appeal is without merit.  Accordingly, we summarily affirm the trial judge's decision.  See Rule 5A:27.

"In matters concerning custody and visitation, the welfare and best interests of the child are the 'primary, paramount, and controlling consideration(s).'"  Kogon v. Ulerick, 12 Va. App. 595, 596, 405 S.E.2d 441, 442 (1991) (citation omitted).

> In matters of a child's welfare, trial courts are vested with broad discretion in making the decisions necessary to guard and to foster a child's best interests.  A trial court's determination of matters within its discretion is reversible on appeal only for an abuse of that discretion, and a trial court's decision will not be set aside unless plainly wrong or without evidence to support it.

Farley v. Farley, 9 Va. App. 326, 328, 387 S.E.2d 794, 795 (1990) (citations omitted).

### Additional Testimony

The father contends that the trial judge erred when he refused to allow the father to introduce additional evidence following the ruling transferring custody to mother.  We find that issue is not properly before us in this appeal.

The testimony of Dr. Fred M. Kerman was proffered during the October 10, 1997 hearing on the father's motion to stay execution of the order changing custody.  The trial judge declined to hear Dr. Kerman's testimony at the hearing on the stay motion.  The father appealed the circuit judge's denial of his motion.  We affirmed the orders changing custody and refusing father's motion to stay execution of its order.  See Watt v.

- 2 -

<u>Watt</u>, Nos. 2409-97-4 and 2600-97-4 (June 16, 1998).

This current appeal arises from the order establishing a visitation schedule. The father contends that the trial judge "abused his discretion when [he] awarded limited visitation to the [father] without any further evidence other than what was presented in trial." However, nowhere in the course of two transcribed hearings on visitation was the issue of additional evidence raised. Therefore, because the evidence was proffered during the hearing on father's motion to stay execution of the custody order, which was separately appealed, and was not proffered during the visitation hearings, the issue is not appealable in this action. See Rule 5A:18.

Visitation Schedule

Father contends that the trial judge erred by setting a visitation schedule which was not sufficiently generous to him. That argument is without merit.

Code § 20-124.2(B) provides that "[t]he court shall assure minor children of frequent and continuing contact with both parents, when appropriate." The statute further provides however, that the trial judge "shall give <u>primary</u> consideration to the best interests of the child." <u>Id.</u> We have held that in matters pertaining to visitation the trial judge must exercise judicial discretion, within the statutory boundaries and based upon the facts of each case. <u>See</u> <u>Vissicchio v. Vissicchio</u>, 27 Va. App. 240, 252, 498 S.E.2d 425, 431 (1998).

- 3 -

We find no basis for reversing the trial court's visitation schedule. The mother lives in Florida, and the father lives in Virginia. While counsel indicated that "[t]here may be some weekends when [father and stepmother] can come down there," visitation required the six-year-old child to travel between Florida and Virginia. The trial judge considered the realities of the parties' circumstances and found as follows:

> The thought I was having was that the cost of this and the difficulties in the transportation didn't seem conducive to a traditional two weekends a month type of visitation, which is why I tried to give [father] the bulk of the three-day weekends, all after the first of the month except for Memorial Day, so that there would be additional visitation in January and February . . . .

The trial judge's visitation schedule provided regular opportunities for the father and the child to be together, given the realities of the parties' circumstances. It allowed longer weekend visits whenever possible with less time in transit. The statutory mandate of "frequent and continuing contact, when appropriate" did not require the trial judge to adopt a schedule which would result in the six-year-old child traveling from Florida to Virginia twice a month.

The father also contends that the trial judge erred by failing to award father visitation for seven weeks of summer vacation. During the telephone hearing, the father's counsel requested the trial judge to modify the proposed visitation schedule as follows:

> [I]f you back [the start of summer
> visitation] off to June 15th, or just give us
> the extra two weeks, either alternative is
> acceptable.  But we would really like [the
> child's] summer vacation to coincide with
> Fauquier summer vacation.

(Emphasis added.).  The trial judge considered and adopted the father's request to begin summer visitation on June 15th, thereby allowing both the three-day visit on Memorial Day and an extended summer visit.  The father did not object to the modified summer visitation schedule in his exceptions to the visitation order.  See Rule 5A:18.

Further, we find no grounds to reverse the trial judge's decision to alternate, rather than split, Christmas holidays between the parties each year.  While the statute requires the trial judge to assure each parent "frequent and continuing contact, when appropriate," we reject the father's contention that a presumption exists under either the statute or current case law requiring holidays to be divided annually between divorced parents.  The best interests of the child under the circumstances is the guiding standard and that must be based upon the evidence and in light of the statutory factors.  The trial judge articulated his reasons for alternating the Christmas holidays, thereby allowing each parent an extended period with the child every other year.  In addition, in the years when the child spends Christmas with her mother, her father has visitation the entire Thanksgiving holiday as well as the option to exercise several days' visitation during the Christmas holiday.  We cannot

say, based upon the extensive record before us, that the trial judge's decision was plainly wrong.

## Telephone Contact

The father contends that the trial judge erred by arbitrarily refusing to expressly provide that the child's calls to him were not to be restricted. The order allowed the father one call a week to the child. The trial judge heard the father's objections to the order as written and rejected the requested provision. As noted by the trial judge, "to add that [provision] in the order, I think, at least at this stage of the proceedings, is --- might lead to more controversy rather than less." The trial judge was familiar with the parties and their previous disagreements. The judge noted that the evidence did not support the father's allegations that the child was barred from contacting him. The trial judge's decision was reasonable based upon the parties' past dealings and sought to avoid further litigation between the parties. We find no error in the trial judge's refusal to incorporate an express provision authorizing the child to call father if she so desired.

## Appellate Attorney's Fees

Both parties seek appellate attorney's fees and costs. Because we find that the issues lack merit, we grant the wife's request for attorney fees. We direct the trial judge to set and award the wife a reasonable attorney fee for the expenses incurred for preparation of her brief on this appeal.

The decision of the circuit court is summarily affirmed.

Affirmed.

- 7 -