COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Lemons


STEVE HALL, CHERI HALL
 AND STEVEN SHANE HALL
                                    MEMORANDUM OPINION*
v.   Record Nos. 1913-98-3 and 2467-98-3      PER CURIAM
                                          JUNE 8, 1999
JENNIFER KELLY DANDENEAU


            FROM THE CIRCUIT COURT OF MONTGOMERY COUNTY
                     Colin R. Gibb, Judge

            (Samuel V. S. Swindell; Joseph Graham
            Painter, Jr.; Kratman, Swindell & Crenshaw,
            P.C.; Painter & DeMuth, on brief), for
            appellants.

            (K. Mike Fleenor, Jr.; Crowell, Nuckols,
            Layman, Aust & Fleenor, on brief), for
            appellee.


     Steven Shane Hall (Hall) and his parents appeal the decision

of the circuit court ordering Hall to pay certain travel expenses

connected with the visitation of his children, Steven Chase Hall

(Steven) and Christian Rhett Hall (Christian) with their mother,

Jennifer Kelly Dandeneau (Dandeneau).  On appeal, Hall contends

that the trial court erred by (1) requiring Hall to pay all travel

expenses for the children's visitation with Dandeneau in the

summer of 1998; (2) requiring Hall to pay one-half of all

subsequent travel costs; and (3) awarding Dandeneau too lengthy

────────────────────
     *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

periods of visitation.  Upon reviewing the record and briefs of the parties, we conclude that these appeals are without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

"In matters concerning custody and visitation, the welfare and best interests of the child are the 'primary, paramount, and controlling consideration(s).'"  Kogon v. Ulerick, 12 Va. App. 595, 596, 405 S.E.2d 441, 442 (1991) (citation omitted).

> In matters of a child's welfare, trial courts are vested with broad discretion in making the decisions necessary to guard and to foster a child's best interests.  A trial court's determination of matters within its discretion is reversible on appeal only for an abuse of that discretion, and a trial court's decision will not be set aside unless plainly wrong or without evidence to support it.

Farley v. Farley, 9 Va. App. 326, 328, 387 S.E.2d 794, 795 (1990) (citations omitted).  The record on appeal includes no transcript, but contains a Revised Written Statement and the trial court's written order.

### Travel Expenses

Hall contends that the trial court failed to make a finding that it was in the best interests of the children that he pay the entire travel costs incurred during the 1998 summer visitation and share one-half the expenses for future visitation.  We find no merit in these contentions.

-2-

The parties agreed in mediation that Dandeneau would have five weeks of visitation with the parties' sons in Oregon beginning in July 1998. At trial, the parties presented conflicting evidence concerning when Dandeneau told Hall she wanted visitation to begin, although it was clear that Dandeneau told Hall no later than May 1998 that she wanted her visitation to start during the first week of July. At some point, Hall resisted scheduling visitation, based upon "reported physical problems with the children." Evidence presented at the hearing indicated that one doctor advised against air travel to Oregon by the boys and that two other doctors expressed concerns about the interruption in Steven's therapy schedule.

It is clear that the trial court considered the best interests of the children when setting the visitation schedule. Based upon the evidence presented during the hearing, the trial court ordered that Steven's visitation be delayed until August 1 and curtailed in length to ten days. Christian's visit was also shortened from the agreed upon five weeks, from July 18 until August 10.

We reject Hall's contention that the trial court was required to make a specific finding that it was in the best interests of the children to require him to pay the challenged travel expenses. The trial court's broad discretion to fashion the relief necessary to promote the children's best interests, based upon the current circumstances of the parties, included

-3-

the authority to order the individual parents to bear the costs and responsibilities related to the travel necessitated by visitation.  See Farley, 9 Va. App. at 328, 387 S.E.2d at 795. See also Code § 20-108.

There was evidence that the parties agreed that Dandeneau would have five weeks of visitation during the summer of 1998. While Hall alleges that the trial court ordered him to bear the costs of transporting the children to Oregon and back as a punitive measure, nothing in the record before us supports that assertion.  The order places the responsibility of getting the boys to and from Oregon on Hall for the 1998 summer visitation, but it also allows Hall to either pay for airfare or drive the boys.

Hall also contends that imposing travel expenses on him for 1998 was an adjustment in child support which failed to satisfy the statutory requirements set out in Code § 20-108.1(B).  We find no indication that Hall raised this argument before the trial court.  "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998).  See Rule 5A:18.  The record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.  We do not consider this argument further.

For the reasons previously set out, we also find no abuse of discretion in the trial court's decision ordering the parents to share future travel expenses evenly.

## Length of Visitation

We find no merit in Hall's contention that the trial court erred by implementing a visitation schedule reached by the parents in mediation.  The trial court retains jurisdiction to adjust visitation as required by circumstances in the future. See Code § 20-108.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.