COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


MICHAEL ANDREW LAMONT

                                    MEMORANDUM OPINION[*]
v.    Record No. 0078-00-4            PER CURIAM
                                      JUNE 13, 2000
SHEILA ANN LAMONT


           FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                  Kathleen H. MacKay, Judge

           (Mark A. Barondess; Erika B. Schiller;
           Sandground Barondess West & New, P.C., on
           briefs), for appellant.

           (Douglas J. Sanderson; McCandlish & Lillard,
           P.C., on brief), for appellee.

           (Melinda S. Norton; Matthews, Snider,
           Norton & Fitzner, on brief), guardian ad
           litem for Andrew Lamont and Elizabeth
           Lamont.


     The trial court granted Sheila Ann Lamont primary physical

custody of the parties' two minor children, Andrew and Elizabeth,

and awarded the parties joint legal custody.  On appeal,

Michael A. Lamont contends that the trial court erred or abused

its discretion by (1) failing to award him sole legal custody

despite evidence of physical and emotional abuse of the children

by mother; (2) failing to set a visitation schedule equally

dividing the children's time with their parents; and (3) failing

--------

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

to set a summer schedule equally dividing the children's time between the parties. Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

The parties continued to reside in the marital residence during the initial stages of the divorce proceedings. Pursuant to an emergency motion of the guardian ad litem, the trial court entered a Protective Order and Pendente Lite Order establishing a "bird's nest" custody arrangement in which the children, ages three and five, remained in the marital home with the mother during the week and with the father during the weekend. At the conclusion of a four-day evidentiary hearing on custody and visitation, the trial court ruled that the parties would share joint custody of the children; that the father would have the children three weekends each month; and that each party would have two weeks with the children each summer. The trial court also continued the appointment of the guardian ad litem. The father appealed the order setting out the court's ruling.

## Joint Custody

The father contends that the trial court erred by failing to award him sole legal custody. We disagree. "In matters concerning custody and visitation, the welfare and best interests of the child are the 'primary, paramount, and controlling consideration[s].'" Kogon v. Ulerick, 12 Va. App. 595, 596, 405

-

S.E.2d 441, 442 (1991) (citation omitted).  The trial court is vested with broad discretion to make the decisions necessary to safeguard and promote the child's best interests, and its decision will not be set aside unless plainly wrong or without evidence to support it.  See Farley v. Farley, 9 Va. App. 326, 327-28, 387 S.E.2d 794, 795 (1990).  "Absent clear evidence to the contrary in the record, the judgment of a trial court comes to an appellate court with a presumption that the law was correctly applied to the facts."  Bottoms v. Bottoms, 249 Va. 410, 414, 457 S.E.2d 102, 105 (1995).

The father contends that there was overwhelming evidence that the mother physically and emotionally abused the parties' children.  While there was evidence that the mother had acted in anger in disciplining the children, there was also extensive evidence that she was the primary caregiver who actively nurtured both children.  Both parties had trouble with anger management. Dr. Christopher H. Lane, a licensed clinical psychologist who examined the parties and their children, opined that "both these individuals are likely to behave at times in a manner that is anathema to the best interests of these children."  Dr. Lane testified as follows:

> [T]hey are basically high-functioning people
> who my belief is that under the conditions
> of long-term marital stress have behaved
> very badly in terms of self control, in
> terms of taking responsibility, in terms of
> being able to focus on their children's
> needs rather than their own.

-

> I think they are both critically compromised
> in those areas. I also think they do not
> -- neither of them show any particular
> positive signs with regard to being able to
> cooperate with one other around the
> children's needs.

The trial court heard the evidence ore tenus and received the recommendation of the guardian ad litem. In comments from the bench, the trial court reviewed both the statutory provisions of Code § 20-124.2(B) and the factors set out in Code § 20-124.3. Based upon the evidence and the statutory factors, the trial court found that the best interests of the children required the active participation of both parents and that joint legal custody was the best means to ensure that participation. Accordingly, the trial court ordered the parties to share joint legal custody, granting the guardian ad litem the final decision-making authority in instances where the parties were unable to reach an agreement.

The trial court required both parties to continue therapy until released by their therapists. Based upon the evidence heard ore tenus by the trial court over the four-day hearing, we find no abuse of discretion or error in the decision to award the parties joint legal custody.

## Visitation

The father also contends that the trial court erred by failing to grant him an equal amount of time with the children each week. We disagree. The trial court adopted the visitation schedule proposed by the father, although reversing the roles of

-

the parties. The father received visitation on the first, second, and fourth weekend of each month from Friday night until Sunday night. The trial court also granted the father's request for additional visitation each Tuesday evening. In addition, the parties split or alternate all holidays. The court's decision was based in part on the evidence concerning the father's regular work schedule. We cannot say that the trial court's decision was either an abuse of discretion or unsupported by the evidence.

## Summer Visitation

The father also contends that the trial court erred by failing to give him more visitation in the summer. Both parents were awarded two uninterrupted weeks with the children each summer. The trial court's decision was based upon the evidence and the statutory factors. We find no abuse of discretion or reversible error.

Accordingly, the judgment of the trial court is summarily affirmed.

<u>Affirmed.</u>