UPON A REHEARING EN BANC
BAKER, Judge.
Robert Michael Ewing (husband) appeals from a decree of the Circuit Court of the City of Chesapeake (trial court) that awarded Patricia Lynn Ewing (wife) a divorce, custody of the child born of their marriage, and support monies. In his initial appeal to this Court, husband contended that the trial court erred when it (1) granted wife a divorce on the ground of his adultery, (2) failed to award joint custody of the child and limited his visitation rights, (3) inequitably divided visitation on holidays, (4) failed to apply the “shared” custody provisions of Code § 20-108.2, and (5) failed to consider his child care expenses, travel expenses, and tax consequences to the parties as required by Code § 20-108.1. In a February 28, 1995 unpublished opinion, all of those issues were decided adversely to husband by a three-judge panel of this Court, one judge dissenting. From that opinion, husband petitioned for a rehearing en banc requesting only that we define “a day for the purposes of the interpretation of Virginia Code Ann. Section 20-108.2(G)(3)(c).”[1] We agreed to hear that issue en banc.
In husband’s brief, filed after his request was granted, he restated the issue as follows:
Did the trial court error [sic] in its award of child support by failing to apply the shared custody child support guidelines pursuant to Virginia Code Ann. Section 20-108.2(G)(3)(c) and in its interpretation of the term “day” as requiring a full 24 hour period for purposes of said statute?
*36 Code § 20-108.2, which contains the guidelines for the determination of child support, reads in pertinent part as follows:
(G)(3) In cases involving shared custody, the amount of child support to be paid is the difference between the amounts owed by each parent to the other parent, with the parent owing the larger amount paying the difference to the other parent.
* * *
(c) ... The shared custody rules set forth herein apply when each parent has physical custody of a child or children born of the parties, ... for more than 110 days of the year.
(Emphasis added). The trial court’s decree awarded “legal custody” to wife and granted the following visitation rights with child to husband:
[Husband is reserved visitation rights] every other weekend from Friday evening at 6:00 o’clock p.m. until Sunday evening at 6:00 o’clock p.m. and Tuesday night each week including overnight if arrangements by [husband] can be made to deliver the child to her school the following morning; four weeks during the summer recess, two of which to be consecutive to be the last week in June and first week in July; the week before Labor Day, but not Labor Day weekend unless it is [husband’s] weekend for visitation and the 3rd week in July; that [wife] shall have two consecutive weeks with the child in the summer when there will be no visitation by [husband] and that while two of the four weeks when the child is with [wife] in the summer will be consecutive, the entire four weeks will not be consecutive unless agreed by the parties; and an equal division of the major holidays alternating said holidays on an annual basis; the Christmas schedule is to be from the school recess until December 24th at 12:00 noon with [wife]; 12:00 noon until 2:00 p.m. December 25th with [husband]; 2:00 p.m. December 25th until 6:00 p.m. December 27th with [wife], and the remainder of the Christmas recess to be with [husband]. Unless the parents can mutually agree on another schedule, *37 then the time shall alternate during Christmas 1993 and continue on an alternating basis hereafter.
Husband concedes that if the Black’s Law Dictionary[2] definition of a day, “a period of time consisting of twenty-four hours and including the solar day and the night,” is the definition of “day” the General Assembly intended when Code § 20-108.2(G)(3)(c) was enacted, then he would not be entitled to the benefits of the shared custody rule. However, he argues that he is entitled to credit as a “day” for periods during which he has visitation rights that are for less than twenty-four hours. The trial court held that “while Code Section 20-108.2.G.3(c) sets a threshold figure of 110 days to trigger the ‘shared custody rules,’ it is the opinion of the Court that it was the intent of the General Assembly that these be full twenty-four hour (24) hour [sic] days.” In his brief and during his en banc oral argument husband argued that a “strict interpretation of ‘day’ (as contained in Code § 20-108.2) requiring a full 24 hour period of time would be unduly restrictive” and suggested that we should declare that when enacting that Code section, the General Assembly intended a day to be defined as follows:
The majority of the time as between each parent during any 24 hour period which period shall include an overnight, the said 24 hour period commencing at the time of the physical transfer of said child to the parent exercising said visitation, but excluding from said computation or times to either parent any time the child is attending school, is placed in non-parent day care, or placed with a third party.
We reject that contention. We believe that the General Assembly intended that for the purposes of applying the provisions of Code § 20-108.2(G)(3)(e), a day should be defined as any continuous twenty-four hour period. We hold that husband has not shown by this record that the decree awarded him'visitation rights for “more than 110 days of the year,” and, *38 therefore, the trial court was not required to apply the “shared custody” provisions of that Code section.
For the reasons stated, the judgment of the trial court is affirmed.

Affirmed.

. Husband did not request a rehearing on the adultery or other issues decided by the panel. Accordingly, the panel’s decision on those issues is unaffected by this decision.

. Black’s Law Dictionary 357 (5th ed. 1979).