COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


MURRAY L. STEINBERG

v.   Record No. 1064-95-2                    MEMORANDUM OPINION*
                                                PER CURIAM
KATHERINE T. STEINBERG, n/k/a                JANUARY 30, 1996
 KATHERINE T. SHUMAKER

            FROM THE CIRCUIT COURT OF HENRICO COUNTY
                   Lee A. Harris, Jr., Judge

          (Murray L. Steinberg, pro se, on briefs).

          (Murray J. Janus; Deanna D. Cook; Bremner & Janus, on
          brief), for appellee.


     Murray L. Steinberg (father) appeals the decision of the

circuit court denying his motion to reduce child support paid to

Katherine T. Shumaker (mother).  Father contends that the trial

court erred by finding there was no material change in

circumstances warranting a reduction in child support.  Upon

reviewing the record and briefs of the parties, we conclude that

this appeal is without merit.  Accordingly, we summarily affirm

the decision of the trial court.  Rule 5A:27.

     Father argues that he is entitled to use the shared custody

guidelines set out in Code § 20-108.2(G)(3) because he has

visitation with his daughter for more than 110 days.  However,

the trial court found that father does not have the child for

more than 110 days.  Under Code § 20-108.2(G)(3)(c), a "day" is

---

*Pursuant to Code § 17-116.010 this opinion is not designated for publication.

defined as "any continuous twenty-four hour period," and does not include periods when the child "'is attending school, is placed in non-parent day care, or placed with a third party.'" Ewing v. Ewing, 21 Va. App. 34, 37, 461 S.E.2d 417, 418 (1995) (en banc).

The trial court accepted father's testimony that his gross income was $788 per month. However, noting that father "is a healthy, 53 year old male with a college education, who has owned his own business for approximately twenty years," the trial court found that father continues to be "extremely underemployed" and that father "is voluntarily failing to seek employment for compensation." The trial court found that there had been no material change in circumstances since the previous order and continued to impute $30,000 in income to father.

In his most recent deposition, father claimed that he works seventy to eighty hours a week for Family Resolution Council, but stated that while he hoped to be paid something one day, "so far I haven't been able to take anything out of the funds of Family Resolution Counsel." Father admitted that Family Resolution Council pays a portion of his mortgage and utilities, as does K & M, for which he claimed to work three hours a week. Father denied ever earning $30,000, although the 1990 federal income tax return filed by the parties listed their joint adjusted gross income as $83,318, of which $25,348 was mother's salary.

Credible evidence supports the trial court's decision that no material change in circumstances warranting a reduction in

2

child support had occurred.  Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed.</u>