# CIRCUIT COURT OF FAIRFAX COUNTY

Nora H. Zein

v.

Ezzat Zein

## March 13, 1998

## Case No. (Chancery) 131180

BY JUDGE STANLEY P. KLEIN

This matter is before the Court on defendant Ezzat Zein's Motion for Reduction of Child Support. Mr. Zein argues that the shared custody guidelines should be utilized in the support calculations because the prerequisites of Va. Code Ann. § 20-108.2(G)(3)(c) have been met. Petitioner Nora H. Burgan (formerly Nora Zein) argues that those requirements have not been satisfied because Mr. Zein does not have custody of the children for the requisite number of days required under that code section. After considering the arguments of both parties, the evidence presented at the hearing, and the relevant authorities, the Court holds that the shared custody guidelines are not applicable for the reasons set forth herein.

## I. *Background*

On December 9, 1994, this Court entered a final custody order ("Custody Order") regarding the parties' minor children, Rami Zein, Lena Zein, and Deema Zein. The Court awarded joint legal custody to the parties and awarded primary physical custody and final decision making authority to Ms. Burgan. The Court ordered that the children remain in the care and custody of Ms. Burgan, *except* as follows, when the children would be in Mr. Zein's care and custody: (1) on alternating weekends during the school year; (2) on Wednesday evenings after school until Thursday morning at the start of school during the school year; (3) on alternating weekends and Wednesday evenings during periods of time between the end of the school year and more

than seventy days prior to the start of the next school year; (4) for thirty-one consecutive days, except one weekend, during the summer; and (5) on one weekend during Ms. Burgan's summer custodial period. The Court also provided a holiday division schedule which addressed Thanksgiving, the school winter holiday, Mother's Day, Father's Day, Spring Break, the Eid El Kabeer holiday, and the Eid El Zagheer holiday.

In May, 1995, Judge Quinlan H. Hancock ordered child support utilizing the shared custody guidelines of Va. Code Ann. § 20-108.2(G)(3)(c), which provides that the shared custody guidelines apply when each parent has physical custody for more than 110 days of the year. Judge Hancock determined the relative custody share as 58% to Ms. Burgan and 42% to Mr. Zein. Judge Hancock's decision, however, was made prior to the Virginia Court of Appeals ruling in *Ewing v. Ewing*, 21 Va. App. 34 (1995), discussed *infra*. Based upon a change in his financial circumstances, Mr. Zein filed the instant Motion for Reduction of Child Support in April, 1997.

In support of his motion, Mr. Zein argues, *inter alia*, that he has physical custody of the children for more than 110 days of the year, such that the shared custody guidelines are still applicable. Mr. Zein's calculation of days includes the time he spends with the children on Wednesday evenings after school until Thursday morning before school. Ms. Burgan argues that Mr. Zein's Wednesday custody periods do not constitute a "day" as that term has been defined in the *Ewing* opinion. In the absence of credit for these periods, Ms. Burgan asserts that Mr. Zein fails to achieve the 110 day threshold, and therefore, Va. Code Ann. § 20-108.2(G)(3)(c) cannot be invoked. Based on the *Ewing* decision, the Court agrees with Ms. Burgan.

## II. *Analysis*

Mr. Zein's argument that his custody of the children on Wednesdays constitutes full days for child support calculation purposes is without merit. In *Ewing*, the Virginia Court of Appeals found that the Virginia General Assembly intended that, for the purpose of calculating days of custody for the shared custody provision of § 20-108.2(G)(3)(c), a "day" should be defined as any *continuous twenty-four hour period. Ewing*, 21 Va. App. at 37. In the present case, the 1994 Custody Order expressly stated that Mr. Zein is to pick up the children on Wednesday evenings after school and return them to school on Thursday *morning*. Accordingly, Mr. Zein's period of custody ends on Thursday morning when the children are left at school, less than 24 hours after the time his custody of the children commences, and does not satisfy the

continuous 24 hour requirement articulated in *Ewing*. Because Mr. Zein is not entitled to credit for these periods and given that the remaining periods of physical custody awarded to Mr. Zein by the Custody Order do not comprise more than 110 days, the threshold of Va. Code Ann. § 20-108.2(G)(3)(c) has not been met, and the shared custody guidelines are therefore inapplicable.