COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Lemons

EZZAT M. ZEIN

MEMORANDUM OPINION[*]
v.    Record No. 0679-98-4                    PER CURIAM
                                          MAY 4, 1999
NORA ZEIN BURGAN


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Stanley P. Klein, Judge

(Ezzat M. Zein, pro se, on brief).

(Nora Zein Burgan, pro se, on brief).


Ezzat M. Zein appeals the decision of the circuit court modifying his visitation with his children and deciding other issues.  Zein raises eleven questions on appeal, but only four distinct issues.  As summarized, Zein contends that the trial court erred by (1) changing his visitation without sufficient evidence that there was a material change in circumstances or that it was in the best interests of the children; (2) failing to find that Zein has custody of the children for 118 days a year; (3) failing to impute sufficient income to his former wife, Nora Zein Burgan; and (4) failing to award husband attorney's fees and court costs.  Upon reviewing the record and briefs of the parties, we conclude that this appeal is without

---

    *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

### Modification of Visitation

Zein contends that the trial court erred when it ruled that Zein's visitation with the children would end on Sunday evenings rather than Monday mornings.  We find no error in the trial court's decision.

"In matters concerning custody and visitation, the welfare and best interests of the child are the 'primary, paramount, and controlling considerations.'"  Kogon v. Ulerick, 12 Va. App. 595, 596, 405 S.E.2d 441, 442 (1991) (citation omitted).  The trial court is vested with broad discretion to make the decisions necessary to safeguard and promote the child's best interests, and its decision will not be set aside unless plainly wrong or without evidence to support it.  See Farley v. Farley, 9 Va. App. 326, 327-28, 387 S.E.2d 794, 795 (1990).  When considering a modification of visitation, a trial court applies a two-part test to determine "(1) whether there has been a [material] change of circumstances since the most recent . . . award; and (2) whether a change . . . would be in the best interests of the child."  Visikides v. Derr, 3 Va. App. 69, 70, 348 S.E.2d 40, 41 (1986).

The trial court denied Burgan's motion to modify legal custody.  However, based upon evidence heard during an ore tenus hearing, including an in camera discussion with the parties'

children, the trial court ruled that it would change the current visitation schedule to have the children returned to the primary custodian, Burgan, by 7:30 p.m. on Sunday nights.

> I believe that that is an unnecessary disruption for the children. They then have to take clothes for Friday night, all day Saturday, Sunday and for school on Monday. And I realize the kids have clothes over at [Zein's]. But I don't believe at this point in time that it's in the children's best interest to have to sleep over at dad's on those Sunday nights.

Under Code § 20-108, the trial court has authority to modify visitation "on its own motion . . . as the circumstances of the parents and the benefit of the children may require." The visitation schedule was established by order entered December 9, 1994, more than four years earlier. Under the current circumstances, the trial court found it to be in the best interests of the children to modify visitation. Its reasoning was sound, and focused on the children's benefit. We find no error in the trial court's decision to modify visitation.

### Calculation of Child Support

Zein contends that the trial court erred in its calculation of child support because it failed to follow the provisions for shared custody. See Code § 20-108.2(G)(3). Under Ewing v. Ewing, 21 Va. App. 34, 37, 461 S.E.2d 417, 418 (1995) (en banc), a "day" is defined as "any continuous twenty-four hour period," and does not include periods when the child "'is attending

- 3 -

school, is placed in non-parent day care, or placed with a third party.'" Despite Burgan's testimony at trial that Zein had the children for 118 days, the record demonstrates that Zein does not have more than 110 days of custody, as "day" is defined under the statute. Therefore, the trial court did not err in its calculation of child support.

## Imputation of Income

Zein also contends that the trial court erred by calculating child support based upon Burgan's testimony that she earned only $11,000 in income. Burgan testified that she was working full time, that her income came solely from Events Unlimited, and that she continued to operate Samadi Sweets without profit. The trial court believed Burgan's testimony, and relied upon her testimony to reduce the income imputed to Zein. Evidence supports the trial court's finding as to Burgan's income.

## Attorney's Fees and Costs

Finally, Zein contends that the trial court erred by failing to award him attorney's fees and costs. An award of attorney's fees is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion. See Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). The key to a proper award of counsel fees is reasonableness under all the circumstances. See McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).

- 4 -

The trial judge noted that "I have spent at least two or three times as much time on this case as I have for any other case that I presided over during my tenure on the bench."  In the final order, the court required that

> no further hearings are to be noticed by either party.  All proposed hearing notices should be transmitted to the chambers of the undersigned judge with a proposed notice praecipe and cover letter, and that after review by the Court, the hearing may be noticed if permission is given by the Court.

Zein appeared pro se at the hearings below, and therefore incurred no attorney's fees in connection with the proceeding from which this appeal is taken.  Moreover, the trial court directed both parties to limit future litigation.  We find no abuse of discretion in the trial court's denial of attorney's fees or costs to Zein.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.