COURT OF APPEALS OF VIRGINIA


Present:  Judges Frank, Clements and Senior Judge Bray


CARLO MARIA GAIONE
                                    MEMORANDUM OPINION*
v.    Record No. 1315-02-2             PER CURIAM
                                     NOVEMBER 19, 2002
MARTHA FERGUSSON GAIONE


            FROM THE CIRCUIT COURT OF HENRICO COUNTY
                    George F. Tidey, Judge

           (J.W. Harman, Jr.; Harman & Harman, P.C., on
           brief), for appellant.

           (Donald K. Butler; Mary Beth Joachim; Morano,
           Colan, Cook & Butler, on brief), for
           appellee.


     On appeal, Carlo Maria Gaione (father) contends the trial

court erred in awarding Martha Fergusson Gaione (mother) sole

custody of their children.  He also contends the trial court erred

in using the sole custody guidelines to determine child support.

Upon reviewing the record and the parties' briefs, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the decision of the trial court.  Rule 5A:27.

                          BACKGROUND

     On appeal, "we view the evidence and all reasonable

inferences in the light most favorable to the prevailing party

below . . . .  'The burden is on the party who alleges reversible

---
     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

error to show by the record that reversal is the remedy to which he is entitled.'" Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992) (citation omitted).

The parties were married on May 5, 1991, and they separated on April 26, 1999.  Two children were born of the marriage.

On March 1, 2002, the trial court heard evidence regarding custody and support.  Melody Podraza, a licensed clinical social worker, testified that she has been the "treating therapist" for both children since the parties separated in 1999.  Throughout therapy, mother demonstrated "ongoing consistent involvement," whereas father exhibited less consistency, in what Podraza described as "a pattern of involvement, and then he wasn't there, and involvement, and then he wasn't there."

Mother testified that she was the primary caregiver for the children, arranging activities, appointments, transportation and childcare.  The trial court admitted, without objection, a document prepared by mother entitled "Parenting History."  In it, mother recorded events and/or situations from 1998 until 2002 involving father's activities and his relationship with the family and the children.  She used this document to demonstrate father's lack of involvement and/or poor judgment.

At the conclusion of the hearing, the trial court determined the parties "are at loggerheads on three issues that I don't believe would be conducive to joint custody."  Those issues

-

involved after school daycare, the presence of father's paramour, Kate, and a lack of communication between father and mother.

Before the March 1st hearing adjourned, father added:

> Your Honor, I'd like to mention a couple of things very briefly. First of all, if my computation's correct, the current visitation schedule would be about 114 days a year for Mr. Gaione, so that would throw us firmly into the shared custody guidelines.

In a March 6, 2002 letter addressed to the parties, the trial court advised, <u>inter alia</u>, "Based on the guidelines, child support will be $1,117.00 for three months and $1,255.00 thereafter." In a March 11, 2002 motion to reconsider, father contended he spent "114 days per year with the children" and that the trial court failed to use the shared custody guidelines or, in the alternative, to state a reason for deviating from that presumed amount. Father attached a child support worksheet, which purportedly calculated father's child support obligation under shared custody figures at a lower figure. Without elaboration, the trial court indicated in a one-sentence letter dated April 4, 2002, "I will stand by my original rulings on custody and child support."

The final decree of divorce entered on May 9, 2002, contains the following statement: "Upon the evidence presented and it appearing to be in the best interests of the children, it is hereby ORDERED that sole custody of the children is awarded to [mother]." The trial court ordered father to pay child support

-

in the amount of $1,117 per month from March 1, 2002 until May
31, 2002, and $1,255 per month thereafter.

CUSTODY

On appeal, father contends the trial court "failed to
consider all the factors when reaching its decision regarding
custody."  He argues that Code § 20-124.3

> lists ten factors for the Court's
> consideration.  The tenth refers to "other
> factors as the Court deems necessary and
> proper."  In this case the Court makes no
> findings and makes no reference to these
> factors at all.

After the March 1, 2002 ore tenus hearing, father moved the
trial court to reconsider its oral decision to give wife sole
custody of the children.  In support, father contended there
were only a few issues "on which the parties have not been able
to reach agreement," and "there is no evidence that they would
be unable to agree on other such issues in the future."  Later,
father filed the following objections to the final decree:

> For the reasons stated in the Motion to
> reconsider filed with the Court in the
> captioned matter, the defendant OBJECTS to
> those provisions [o]f the Final Decree which
> (1) grant sole legal custody of the children
> . . . to the [mother] and which (2) provide
> for child support to be paid in something
> other than the amount prescribed by the
> shared custody child support guidelines
> without any written justification for such
> deviation . . . .

Rule 5A:18 requires that objections to a trial court's
action or ruling be made with specificity in order to preserve

-

an issue for appeal.  See Campbell v. Commonwealth, 12 Va. App. 476, 480, 405 S.E.2d 1, 2 (1991) (en banc).  A trial court must be alerted to the precise issue to which a party objects.  See Neal v. Commonwealth, 15 Va. App. 416, 422-23, 425 S.E.2d 521, 525 (1992).

The record fails to indicate that father made the argument in the trial court that he now raises on appeal.  Moreover, because the trial court stated that its award of custody was based on the evidence presented and the best interests of the children, and because the evidence presented by mother and Podraza related to the enumerated factors in Code § 20-124.3 and supported the trial court's sole custody award to mother, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

## CHILD SUPPORT

Code § 20-108.2(G) sets forth formulas to calculate the presumptively correct amount of support for three different factual scenarios:  sole custody, split custody, and shared custody.  "There shall be a rebuttable presumption in any judicial or administrative proceeding for child support, including cases involving split custody or shared custody, that the amount of the award which would result from the application of the guidelines set out in § 20-108.2 is the correct amount of child support to be awarded."  Code § 20-108.1.

-

The final decree provided that father "shall have visitation with the minor children from Sundays at noon through Tuesday mornings when the children shall be returned to their mother or to school."  In addition, father "shall have two nonconsecutive weeks of Summer visitation."

Code § 20-108.2(G)(1) sets forth the procedure for calculating child support under the sole custody guidelines.  Code § 20-108.2(G)(3)(a) sets forth the procedure for calculating child support in shared custody situations "[w]here a party has custody or visitation of a child or children for more than ninety days of the year."

The record fails to contain the child support guidelines worksheet used to determine child support or indicate upon what basis (sole or shared custody) the trial court calculated the award.  However, assuming it was prepared under the sole custody guideline, the evidence fails to show that the shared guidelines applied.

> For the purposes of [Code § 20-108.2], "day" means a period of twenty-four hours; however, where the parent who has the fewer number of overnight periods during the year has an overnight period with a child, but has physical custody of the shared child for less than twenty-four hours during such overnight period, there is a presumption that each parent shall be allocated one-half of a day of custody for that period.

Code § 20-108.2(G)(3)(c).  Under Ewing v. Ewing, 21 Va. App. 34, 37, 461 S.E.2d 417, 418 (1995) (en banc), a "day" is defined as

-

"any continuous twenty-four hour period," and does not include periods when the child "'is attending school, is placed in non-parent day care, or placed with a third party.'"

Although the children spend two nights a week with father in addition to fourteen days in the summer, because they have school on Mondays, father cannot be credited with any continuous twenty-four hour periods during the school year for those two overnight visits. Assuming the children attend school for nine months (thirty-seven weeks), the father would accrue seventy-four overnight visits. However, crediting each of those non-continuous twenty-four hour periods as a half-day, see Code § 20-108.2(G)(3)(c), would result in a total of thirty-seven days of custody during the academic year. Assuming there was no school or daycare in the summer, the most father could hope to accrue in the summer would be twenty-six days during thirteen weeks of summer vacation. Adding those days in the fifty-week period that father has custody (thirty-seven days + twenty-six days = sixty-three days) with the two-week summer vacation (fourteen days) would amount to a total of seventy-seven days, well below the ninety-day minimum required for application of the shared custody guidelines. Because the record demonstrates that father has less than ninety days of custody, as "day" is defined under the statute, the trial court did not err in calculating child support.

-

Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

Affirmed.

-