COURT OF APPEALS OF VIRGINIA


Present:  Judge Annunziata, Senior Judge Duff and
          Retired Judge Kulp[*]
Argued at Alexandria, Virginia


JUDITH CARLISLE

                                   MEMORANDUM OPINION[**] BY
v.   Record No. 0306-99-4          JUDGE CHARLES H. DUFF
                                        JUNE 6, 2000
GEORGE CARLISLE


              FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                      Paul F. Sheridan, Judge

          Judith Carlisle, pro se.

          Edward V. O'Connor, Jr. (Byrd Mische P.C.,
          on brief), for appellee.


     Judith Carlisle (wife) appeals the final decree of divorce

entered on December 11, 1998, ending her marriage to George

Carlisle (husband).  Wife contends that the trial court erred by

(1) permitting husband to have unsupervised visitation with the

parties' daughter; (2) imputing income to wife, and adjusting

spousal support and child support, as of the then future date of

September 1, 1999; (3) improperly awarding wife rehabilitative

support disguised as a lump sum amount of spousal support paid in

installments rather than awarding her permanent spousal support;

---------

     [*] Retired Judge James E. Kulp took part in the consideration
of this case by designation pursuant to Code § 17.1-400,
recodifying Code § 17-116.01.

     [**] Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

(4) denying wife attorney's fees; (5) finding wife contributed to the waste of marital assets; (6) failing to compensate wife for husband's waste of marital assets; and (7) relying upon the Fairfax County pendente lite child and spousal support guidelines rather than wife's needs. We find substantial evidence in the record supports the findings of the trial court, and affirm its decision.

On appeal,

> [u]nder familiar principles, we view the evidence and all reasonable inferences in the light most favorable to the prevailing party below . . . . "The burden is on the party who alleges reversible error to show by the record that reversal is the remedy to which he is entitled." We are not the fact-finders and an appeal should not be resolved on the basis of our supposition that one set of facts is more probable than another.

Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992) (citations omitted). The parties married in July 1992, and their only child was born in January 1993. The parties' marriage was marked by serious conflict, including physical violence, leading to their separation in June 1997. There were several pendente lite hearings and an additional multi-day hearing August 31 through September 2, 1998. The trial court issued the final decree of divorce on December 11, 1998.

## Visitation

"In matters concerning custody and visitation, the welfare and best interests of the child are the 'primary, paramount, and

-

controlling consideration[s].'"  Kogon v. Ulerick, 12 Va. App. 595, 596, 405 S.E.2d 441, 442 (1991) (citation omitted).  The trial court is vested with broad discretion to make the decisions necessary to safeguard and promote the child's best interests.  See Farley v. Farley, 9 Va. App. 326, 327-28, 387 S.E.2d 794, 795 (1990).

> "Because the trial court heard the evidence at an ore tenus hearing, its decision 'is entitled to great weight and will not be disturbed unless plainly wrong or without evidence to support it.'"  "Absent clear evidence to the contrary in the record, the judgment of a trial court comes to an appellate court with a presumption that the law was correctly applied to the facts."

Brown v. Burch, 30 Va. App. 670, 684, 519 S.E.2d 403, 410 (1999) (citations omitted).  "Code § 20-124.3 specifies the factors a court 'shall consider' in determining the 'best interests of a child for . . . custody or visitation.'"  Brown v. Brown, 30 Va. App. 532, 538, 518 S.E.2d 336, 338 (1999).  "Although the trial court must examine all factors set out in Code § 20-124.3, 'it is not "required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors."'"  Id. (citations omitted).

Wife alleged that husband abused her and the child due to his violent temper.  Husband admitted that he was an alcoholic and had previously used drugs, but testified that he had been sober for five years as of the September 1998 hearing.  Wife also alleged that husband was a pedophile who had sexually

-

abused the parties' daughter.  Child Protective Services
conducted an investigation which reached a conclusion that the
allegations were unfounded, but the investigator noted that she
found "red flags" concerning the behavior of both parents.

In addition to the evidence presented during the several
pendente lite hearings and the September 1998 hearing, the court
also received a report from Gregory L. Fissell.  Fissell was a
counselor from the juvenile and domestic relations district
court who conducted a series of interviews with the parties and
the child.  Based upon the extensive evidence received, the
trial court determined that it was in the best interests of the
child for her to have increased visitation with husband.  The
trial court found that both parties had "relational
difficulties."  The trial court also noted that, although none
of the allegations of sexual abuse by husband were proven, some
testimony concerning possible sexual abuse was presented that
the court found persuasive.  Accordingly, the trial court ruled
that there would be no unsupervised, overnight visitation
between the child and husband.  The trial court allowed husband
to have regular, unsupervised visitation during the day,
beginning in two months.  The trial court also ordered the
parents and other involved persons to provide Fissell with all
pertinent information, particularly that from mental health
professionals, by November 1, 1998, and required that husband
undergo a psychological evaluation.

-

While wife contends that the trial court failed to consider the evidence of husband's behavior, the record demonstrates that the trial court carefully considered and weighed all the evidence presented. Its decision focused on the child's best interests, while seeking to protect her from any possible abuse, whether sexual, emotional or physical. We cannot say that the visitation decision of the trial court was plainly wrong.

### Spousal Support

The record supports the trial court's decision to award wife a lump sum award of spousal support, and to impute income of $30,000 to her beginning September 1999.

> In awarding spousal support, the chancellor must consider the relative needs and abilities of the parties. He is guided by the . . . factors that are set forth in Code § 20-107.1. When the chancellor has given due consideration to these factors, his determination will not be disturbed on appeal except for a clear abuse of discretion.

Collier v. Collier, 2 Va. App. 125, 129, 341 S.E.2d 827, 829 (1986). This Court has noted that "[g]enerally, when courts do make lump sum spousal support awards they do so because of special circumstances or compelling reasons, and appellate courts uphold such awards where the record clearly reflects the court's rationale for finding that the award will adequately provide for contingencies." Blank v. Blank, 10 Va. App. 1, 5, 389 S.E.2d 723, 725 (1990). The record demonstrates that the trial court's award of the lump sum payable over a year was based upon the parties'

-

circumstances, including the duration of the marriage, the wife's demonstrated earning ability based upon her past employment, as well as her current needs.  We cannot say that the evidence fails to support the trial court's decision to make a lump sum award to wife.

In addition, we find no error in the trial court's decision to impute income to wife.  Wife earned as much as $48,000 annually during the marriage.  In her last employment, she earned approximately $33,000.  Wife lost her position in early 1998 due to her repeated absences and tardiness.  No evidence supports her allegation that husband's behavior caused her to lose this position.

Wife also contends that the trial court's lump sum award was an improper attempt to award spousal support for a defined duration as allowed under the current provisions of Code § 20-107.1.  Wife correctly notes that the amended provisions of Code § 20-107.1 do not apply to this case because it was filed prior to July 1, 1998.  The trial court found that currently "[wife] should be making $2,500 a month," but nonetheless allowed her an additional period of time before imputing that income.  The trial court found that a lump sum, payable in monthly installments, was appropriate under the circumstances to meet wife's needs.  The trial court also noted that wife had failed to properly manage the pendente lite support award of

-

$700. We find no error in the trial court's framing of wife's spousal support.

While wife contends that she is unable to work due to a medical condition, no evidence supports that assertion. The trial court found that both parties were in good health. In addition, no evidence supports wife's contention that the trial court erred by failing to impute additional income to husband. The evidence indicated that husband continued to earn a salary comparable to what he earned during the marriage.

In her exceptions to the trial court's decision, wife did not include any objection based upon the failure of the trial court to reserve a right to modify spousal support in the future. In addition, wife did not seek a reservation of the right to support in the future. Therefore, wife may not raise that issue for the first time on appeal. See Rule 5A:18; Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (en banc).

## Attorney's Fees

An award of attorney's fees is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion. See Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). The key to a proper award of counsel fees is reasonableness under all the circumstances. See McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985). The trial court found that wife was able to earn at least $30,000 annually, and had earned $48,000 annually during the

-

marriage; that she had hired three separate attorneys in the course of the proceedings; that wife initiated a number of the legal proceedings; and that wife avoided one set of attorney's fees by filing for bankruptcy. Based on the number of issues involved and the respective abilities of the parties to pay, we cannot say that the trial court abused its discretion in ordering the parties to bear their own attorney's fees.

### Waste of Marital Assets

Wife contends that the trial court erred when it ruled that both parties were responsible for the waste of marital assets. "Waste or dissipation of assets occurs when 'one spouse uses marital property for his own benefit and for a purpose unrelated to the marriage at a time when the marriage is undergoing an irreconcilable breakdown.'" Anderson v. Anderson, 29 Va. App. 673, 694, 514 S.E.2d 369, 380 (1999) (quoting Amburn v. Amburn, 13 Va. App. 661, 666, 414 S.E.2d 847, 850 (1992)). Whether waste has occurred is a matter to be determined by the trial court based upon the evidence presented. See Alphin v. Alphin, 15 Va. App. 395, 403, 424 S.E.2d 572, 576 (1992). The record demonstrates that the parties acquired two pieces of real property during the marriage, but that both parcels were lost when the parties failed to make the necessary mortgage payments. The parties blamed each other for the failure to make payments. We find no error in the trial court's finding that both parties committed waste. We find no merit in wife's contention that

-

husband's culpability exceeded hers and, therefore, she was entitled to compensation for her share of the forfeited marital property.

### Pendente Lite Support Guidelines

Wife presented no argument on this alleged error. It is well established that "statements unsupported by argument, authority, or citations to the record do not merit appellate consideration. We will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Therefore, we decline to address this issue.

Accordingly, as we find substantial evidence in the record supporting the decision of the circuit court, we affirm.

Affirmed.